**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DIANA DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CV-297-TLS |
| | ) | |
| YELLOWBOOK USA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Relief from Judgment [ECF No. 52] filed

by the pro se Plaintiff, Diana Dalton, on April 23, 2012. Although she does not specifically state

the basis for her Motion, the Plaintiff appears to be requesting relief under Federal Rule of Civil

Procedure 60(b). The Defendant, Yellowbook USA, filed a Response [ECF No. 53] on May 4,

2012, arguing that the Plaintiff has failed to meet the standard for relief under Rule 60(b). The

Plaintiff did not file a reply, and the time for doing so has passed. For the reasons discussed

below, the Court will deny the Motion for Relief from Judgment.

**PROCEDURAL BACKGROUND**

The Plaintiff initiated this case on October 27, 2009, alleging federal age discrimination,

race discrimination, and gender discrimination claims. (Compl. 2, ECF No. 1.) She filed an

Amended Complaint on November 20, 2009, clarifying that some of her claims were brought

under Title VII of the Civil Rights Act of 1964. (Am. Compl. 1, ECF No. 3.) On July 12, 2011,

the Defendant timely filed a Motion for Summary Judgment [ECF No. 35], along with a Brief in

Support [ECF No. 36] and an Appendix [ECF No. 37]. The Defendant also properly filed Notice

[ECF No. 38], informing the Plaintiff of her rights under Federal Rule of Civil Procedure 56 and Local Rule 56-1. The Notice included the following admonition: "If you do not respond to the summary-judgment motion, you may lose this case." N.D. Ind. L.R. App. C. On August 2, 2011, before the twenty-eight day deadline for responding to the Defendant's Motion for Summary Judgment had expired, the Plaintiff filed a Motion for Enlargement of Time [ECF No. 39]. The Plaintiff requested an additional fourteen days to respond to the Motion for Summary Judgment. The Court granted the Plaintiff's request on August 10, affording her until August 26 to respond to the Motion for Summary Judgment. The Plaintiff did not respond.

The Court conducted a telephonic conference on October 3, 2011, at which the Plaintiff failed to appear. The Court's deputy called both numbers listed by the Plaintiff on the docket, and left a message at the only number capable of recording a message. The Court instructed the Plaintiff to immediately return the Court's call but the Plaintiff did not do so. (*See* ECF No. 41.) Therefore, the Court ordered the Plaintiff to appear at an in-person hearing on October 26, 2011. The Plaintiff appeared at that hearing, and the Court afforded her until November 21 to respond to the Motion for Summary Judgment. The Court repeatedly warned the Plaintiff that failure to respond could result in dismissal of her case or the entry of judgment against her. Further, the Court provided the Plaintiff with copies of the Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. The Plaintiff assured the Court that she would file on or before the November 21 deadline.

The Plaintiff did not respond on or before November 21, and did not request an extension of time in which to file or otherwise appear. Therefore, on February 8, 2012, the Court entered an Opinion and Order granting the Defendant's Motion for Summary Judgment. (Opinion &

Order, ECF No. 43.) The Court found no genuine issues of material fact warranting a trial on the Plaintiff's claims.

On March 9, 2012, the Plaintiff filed a Notice of Appeal, and paid the filing fee for her appeal on March 16, 2012. (ECF Nos. 45 & 49.) Then, while her appeal was ongoing,[1] the Plaintiff filed the present Motion for Relief from Judgment [ECF No. 52] on April 23, 2012. The form of the Motion for Relief from Judgment merits mention. The Motion itself is 20 handwritten pages. But it is followed by a 255-page hand and typewritten Affidavit, to which are appended 104 exhibits. The entirety of the Plaintiff's filing amounts to 609 pages. (*See* Mot. for Relief from J., ECF No. 52.) The Plaintiff argues that she was "extremely afraid to file with the courts" her Affidavit and 104 exhibits, but has now decided to come forward and "tell the complete truth about the way [she] was treated." (*Id.* 1.)

The Defendant filed a Response [ECF No. 53] on May 4, arguing that the Plaintiff has failed to show any basis for relief under Rule 60(b). On July 23, the Seventh Circuit dismissed the Plaintiff's appeal for failure to prosecute. (Mandate of USCA, ECF No. 57.)


**ANALYSIS**

The Plaintiff's Motion is styled as a Motion for Relief from Judgment. Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1]The Defendant states in its Response that by April 23 the Plaintiff had already missed her deadline to file an appellate brief, and had not yet asked for an extension of time. (Def.'s Resp. 4, ECF No. 53.)

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (stating that the "factors that could render [a] judgment vulnerable to attack" under Rule 60(b) include "mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud"). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). A district court's decision to deny a Rule 60(b) motion is reviewed for abuse of discretion. *Id.* Rule 60(b) requires a party to "raise a new ground for setting aside the judgment," meaning "something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). Absent any new argument, a motion under Rule 60(b) must be denied. *Id.* With respect to Rule 60(b)(6), affording relief for "any other reason that justifies relief," a party must show "extraordinary and exceptional circumstances" in order to prevail. *Musch v. Domtar Indus., Inc.*, 587 F.3d 857, 861 (7th Cir. 2009). The Seventh Circuit has previously stated that a court is not required to afford Rule 60(b) relief when a plaintiff has failed to comply with summary judgment deadlines. *Williams v. Shinseki*, 373 F. App'x 611, 614–15 (7th Cir. 2010) ("District courts are allowed to strictly enforce summary judgment deadlines . . . and having already given [the plaintiff] additional time to respond, the district court was not required to forgive her failure to timely oppose summary judgment."). The

4

Seventh Circuit has noted, further, that Rule 60(b) relief is not appropriate when a plaintiff misses a deadline and fails to show why the plaintiff "could not, at a minimum, request another extension of time to file [a] response." *Id.* at 615.

The Court agrees with the Defendant that—although the Plaintiff has not stated which portions of Rule 60(b) she believes apply to her Motion—the only portions of Rule 60(b) that could afford relief to the Plaintiff are "excusable neglect" under Rule 60(b)(1) or "any other reason that justifies relief" under Rule 60(b)(6). Accordingly, the Court will analyze whether the Plaintiff meets the standard for either of these portions of Rule 60(b).

The Court finds, first, that the Plaintiff has not shown that her failure to comply with this Court's summary judgment deadlines constitutes excusable neglect under Rule 60(b)(1). The Court extended the Plaintiff's deadline two times, and specifically admonished her that failure to comply could result in the entry of judgment against her. Nevertheless, the Plaintiff did not file her Affidavit and exhibits until more than five months after the third deadline imposed by the Court. Additionally, she filed these documents more than two months after the Court issued its Opinion and Order granting summary judgment against her. By way of explanation, the Plaintiff states only that she was "extremely afraid" to file her documentation. The Plaintiff's fear did not prevent her from requesting an extension of time in which to respond on August 2, 2011, and she has not shown why she was unable to at least file such a request before November 21, 2011. As the Seventh Circuit has stated, Rule 60(b) relief is "an extraordinary remedy granted only in exceptional circumstances." *Nelson*, 657 F.3d at 589. Rule 60(b) relief is not required when a plaintiff fails to comply with summary judgment deadlines, particularly where the plaintiff has been given additional time to respond. *Williams*, 373 F. App'x at 614. Most importantly, failure

5

to comply with a summary judgment deadline does not merit Rule 60(b) relief where a plaintiff cannot show why she "could not, at a minimum, request another extension of time to file [her] response." *Id.* at 615. For all of these reasons, the Court finds that the Plaintiff's failure to comply with the summary judgment deadline is not excusable neglect under Rule 60(b)(1).

Further, the Court finds that the Plaintiff has not shown that her failure to comply with this Court's summary judgment deadlines constitutes "any other reason that justifies relief" under Rule 60(b)(6). Relief under this provision of Rule 60(b) requires a showing of "extraordinary and exceptional circumstances." *Musch*, 587 F.3d at 861. But the Plaintiff has not made such a showing. Her theory that unnamed interlopers are conspiring to hinder her ability to prosecute this case is unsupported by the record. She has not shown that she has been subjected to extraordinary and exceptional circumstances. On the contrary, the record suggests that the Court provided the Plaintiff every opportunity to make a record and advance her arguments in opposition to summary judgment. The Plaintiff failed to avail herself of that opportunity. Therefore, the Court finds that relief under Rule 60(b)(6) is not appropriate.

Because the Plaintiff has failed to show any basis for relief under Rule 60(b), her Motion for Relief from Judgment will be denied.

## CONCLUSION

For all the reasons discussed above, the Court DENIES the Plaintiff's Motion for Relief from Judgment [ECF No. 52].

SO ORDERED on September 17, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN

6

UNITED STATES DISTRICT COURT